KRISTA C. GEDDES SB #288657
LAW OFFICE OF KRISTA C. GEDDES
2261 ST GEORGE LN, SUITE F
CHICO, CALIFORNIA 95926
Telephone: (530) 774-2359
kristalaw10@yahoo.com

Attorney for Darin Martin

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN MARTIN | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT FOR FEDERAL TORT CLAIMS ACT FOR NEGLIGENCE |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Darin Martin (hereafter "Plaintiff") is a United States citizen. On October 29, 2013, while an inmate at the Federal Correctional Institution in Herlong, California, Plaintiff was injured as a result of the negligent acts of Ronald Burnett, RN and other Federal Bureau of Prisons personnel.

2. Plaintiff brings this action against the United States of America under the Federal Tort Claims Act.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 & 1346(b).

4. On December 3, 2013, Plaintiff submitted an Administrative Tort Claim to the U.S. Department of Justice Federal Bureau of Prisons. Plaintiff's claim was denied on March 25, 2014. Plaintiff has therefore exhausted all available administrative remedies (Exhibit A).

5. Venue is properly with this District under 28 U.S.C § 1402(b) as the acts that are the subject of this Complaint occurred within the District, in Lassen County, California.

## PARTIES

6. Plaintiff Darin Martin is and was at all times relevant to this Complaint an inmate at FCI Herlong, California.

7. Ronald Burnett, RN, RN Shaw, Dr. Laura Christensen, RN Serby, and any and all other federal employees involved in the negligent actions that resulted in injury to Plaintiff, were at all times relevant to this Complaint employees of the Federal Correctional Institution.

8. At all times relevant to this Complaint, the medical personnel were acting within the scope and course of their employment with the Federal Bureau of Prisons and, as such, Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

## FACTUAL ALLEGATIONS

9. On October 29, 2013, Plaintiff Darin Martin went to Bureau of Prisons Herlong health services clinic for skin problems on his fifth toe of his left foot.

10. On that day Plaintiff Darin Martin was treated for a possible planters wart. The treatment included utilizing Verruca freeze.

11. The first treatment of the freeze was applied by an RN, Ronald Burnett, and lasted approximately thirty seconds while Plaintiff's leg rested on Burnett's leg.

12. Due to the angle of Plaintiff's foot resting on Ronald Burnett's leg and the amount of time the spray was administered, the liquid freeze began leaking over the other toes and the ball of Plaintiff's foot.

13. The pain from the other parts of his foot being burned caused Plaintiff to scream out in pain. The noise caused RN Shaw to come in to the room Plaintiff was being treated. RN Shaw commented that the skin formation on Plaintiff's foot should be checked to determine what it is before freezing it.

14. RN Burnett then proceeded to have Plaintiff get on the examination table, and apply the Verruca freeze to the site again for another thirty seconds.

15. The liquid freeze again leaked over the other toes and the ball of Plaintiff's foot.

16. Plaintiff cried out again, getting the attention and causing Dr. Laura Christensen, RN Shaw and RN Serby to come into the examination room to see what had happened.

17. That evening Plaintiff returned to the health care clinic and received burn cream to treat the burns on his foot.

18. Plaintiff has repeatedly gone back to the health clinic to request treatment for the burns to his foot.

19. Specifically on November 8, 2013, Plaintiff received treatment for the freezing burns on the ball of his foot.

20. Plaintiff continues to suffer from deep joint and possible nerve pain in the left foot where the burn occurred.

21. Additionally, due to the pain in his left foot Plaintiff has had to walk leaning on his right foot causing his right foot to turn in on his toes further.

22. Sometime in August or September 2014, Plaintiff had to have surgery on his right foot due to deformation from his drastic change in walking from the pain in his left foot.

**FIRST CAUSE OF ACTION**
FEDERAL TORT ACT
NEGLIGENCE

23. Plaintiffs incorporate by reference as though fully set forth herein each of the allegations of Paragraphs 1 through 22.

24. On October 29, 2013, Plaintiff Darin Martin went to the Federal Correctional Institution Herlong health services clinic to have a growth on his left foot treated. Plaintiff was treated by Ronald Burnett an RN. While treating Plaintiff, Ronald Burnett was, at all time, acting within the scope of his employment as a nurse for the Bureau of Prisons. As a patient of the health clinic, the medical personnel at FCI Herlong owed Plaintiff a duty of care to act as reasonable healthcare providers in rendering services to Plaintiff.

25. On October 29, 2013, Plaintiff was diagnosed by Ronald Burnett, RN, to have a possible plantars wart on his fifth toe on his left foot, even though no medical tests were performed and it was later was determined to be a corn. The treatment for the alleged wart was to apply a liquid

to freeze it. The liquid was applied twice by Ronald Burnett, RN, and each time it leaked over his other toes and the ball of his left foot. A reasonable health care provider would not allow a liquid freezing agent to cover a patients foot when the treatment was for a small area of the foot. Additionally, after a patient had been accidently burned in areas that were not supposed to be treated, a reasonable health care worker would not then re-apply the liquid freezing agent and not take precautions to make sure it did not re-leak over the other toes and foot for a second time. By not properly diagnosing the skin growth, not taking proper precautions so that the liquid freezing agent did not leak over the non-effected areas, and then after burning Plaintiff re-applying the freezing agent and re-burning him the medical providers at FCI Herlong breached their duty of care to him.

26. But for Defendant's employee applying the liquid freeze improperly twice to Plaintiff's foot, Plaintiff's foot would not have been burned.

27. There are no intervening acts between that of the Untied States employee applying the liquid freeze to Plaintiff's foot and the burns that appeared on his other toes and foot. Additionally, due to the blisters and burns on the bottom of his left foot he had to walk on the edge of the foot causing damage in the form of a bunion to his left fifth toe, that became bad enough to need surgery on which was preformed in August or September, 2014.

28. The damage to Plaintiff's right foot became significantly worse after approximately six to ten months of walking on the right foot drastically more and differently in an attempt to not use his left foot due to the pain. The harm to his right foot is a direct result of changing how he walked due to the damage and pain to his left foot. The harm to the right foot was foreseeable because foot injuries often require the injured person to stay off their injured foot and can result in added stress to the uninjured leg as well as foot.

29. Plaintiff has had significant pain from the burns to his foot as well as a surgery to his other foot as a direct result of the negligence of the United States agent. Additionally, Plaintiff has suffered general emotional distress great anxiety, loss of enjoyment of life, inconvenience, shame, humiliation and stress.

30. Plaintiff has exhausted all administrative remedies and made a timely demand pursuant to the Federal Tort Claims Act which was rejected by Defendant on March 25, 2014.

WHEREFORE, Plaintiff respectfully requests:

1. General and Special damages;
2. Reasonable attorneys' fees and costs;
3. Any other such other and further relief as the court may deem just and appropriate.

DATED:

_/s/ Krista C. Geddes_
Krista C. Geddes, Attorney for
DARIN MARTIN

# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Prisons

Western Regional Office
7338 Shoreline Drive
Stockton, California 95219

MAR 25 2014

**VIA CERTIFIED MAIL**

Darin Martin
Register Number 03606-061
Federal Correctional Institution
P.O Box 800
Herlong, CA 96113

Re: Administrative Claim No. TRT-WXR-2014-01000

Dear Mr. Martin:

This is in response to the administrative claim submitted to this office under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq. You seek $100,000.00 in compensation for alleged personal injury as a result of events at the Federal Correctional Institution, Herlong, California on October 29, 2013.

Investigation fails to disclose any evidence of negligence or other conduct for which the United States is liable. You have failed to establish that you have suffered a loss or personal injury as a result of staff negligence in this matter.

Accordingly, your claim is denied. If you are not satisfied with this determination, you are afforded six months from the date of the mailing of this letter via certified mail within which to bring suit in the appropriate United States District Court.

Sincerely,

DENNIS M. WONG
WESTERN REGIONAL COUNSEL

Dominic Ayotte
Deputy Regional Counsel/CLC Supervisor

cc: Warden

## VERIFICATION

I, Darin Martin, declare as follows:

I am the plaintiff in the foregoing action. I have read the attached COMPLAINT and know the contents thereof. The same is true of my knowledge, except as to those matters which are therein stated upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct and that this Verification was executed on this __23__ day of __September__, 2014 at Herlong, County of Lassen, California.

_____
Darin Martin